JOHN I. SMITH

*v.*

TENNESSEE FURNITURE INDUSTRIES, INC.

(*Knoxville,* September Term, (May Session), 1960.)

Opinion filed May 26, 1961.

STUART F. DYE, KRAMER, DYE, McNABB & GREENWOOD, Knoxville, PAUL R. CAPPS, Morristown, for appellant.

JAMES K. MILLER, Morristown, for appellee.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This is a workman's compensation case and the trial judge awarded petitioner below, John I. Smith, compensation for disability sustained to the body as a whole 60% and also medical bills. This appeal resulted.

Smith worked for defendant for a period of some fourteen years, until February, 1960, when he became ill on the job and informed his foreman that he was sick and that he was going to the doctor. He was hospitalized for a period of eleven or twelve days, since which time he has been unable to work.

Prior to this time he had been able to work, and had been a regular employee except for brief periods of illness.

Defendant manufactures furniture and petitioner was employed and carried out the duties of a mirror setter. His station of duty was in the shipping room of the factory, and he would take the mirrors and insert them in frames. Sometimes the frames were brought to the shipping room for him, but most of the time he would go to the finishing room to get the frames.

The finishing room was the place where the frames were spray painted and stained, and the petitioner would have to walk into the finishing room in the paint fumes and get the mirrors. The shipping room was a place

that had dust, dirt and drafts, and on some days it would be as low as forty degrees, while in the finishing room it was much warmer.

Petitioner stated that since the 1958 episode he had lost 25 pounds, and while he felt some better since getting out of the shop he was still unable to work.

Petitioner further stated that the trouble in 1958 was of another kind, which developed like flu or pneumonia, and that he did at that time consult with a doctor, who sent him to Knoxville to see Doctor Rogers, and as a result of this he was off from work for a while, but was able to return to work.

The petitioner stated that he was 50 years old, had not smoked cigarettes or otherwise since 1940, and that he had a grammar school education.

The petitioner's wife testified that she had observed the petitioner coming home from work down through the years, and that he would have dust on his jacket, and that she had noticed since his February, 1960, illness he smothered at night and could not breathe.

There was medical testimony to the effect that he was suffering from bronchitis, tuberculosis and emphysema, and it appears that this dust no doubt affected his lungs.

The court below held from all of the testimony that the petitioner suffered from an occupational disease and that his condition was compensable and that petitioner had met the requirements set forth in T.C.A. Section 50-1101.

It was asserted that the diseases with which petitioner is now suffering did not have their origin in a risk con-

nected with his employment by defendant, and said diseases did not flow from the course of his employment as a natural consequence.

■ We are of the opinion that the petitioner sustained an occupational disease, arising and growing out of his employment.

■ The lower court finds, and we concur in this finding, that by reason of his education, he did not know until 1960 he was suffering from this occupational disease, and that on the question of notice, he told his foreman that something was wrong with him and that he was going to have to take some steps.

We are of the opinion that the judgment of the lower court was correct and it is affirmed.