LAVERNE BARENTINE *v.* GLEGHORN OIL
COMPANY ET AL

5-6217                           492 S.W. 2d 242

Opinion delivered April 2, 1973

*McMillan, McMillan & Turner,* for appellant.

*Smith, Williams, Friday, Eldredge & Clark,* by: *Frederick S. Ursery,* for appellees.

FRANK HOLT, Justice. The only issue on this appeal is whether appellant's disability is a result of an occupational disease as defined by our Workmen's Compensation Law. By stipulation the claim is barred as an accidental injury by the *statute of limitations,* Ark. Stat. Ann. § 81-1318 (1960 Repl.). It is agreed that appellant, a bookkeeper, suffers from Tardy Ulnar Neuritis, a disability resulting for repeated pressure upon appellant's elbow and ulnar nerve, and that the disability arose in the course and scope of her employment. However, the commission unanimously affirmed the referee's opinion denying appellant's claim for compensation finding that appellant's disability was not an occupational disease as defined by the statute. The circuit court affirmed. Although appellant acknowledges her disability is not specifically named by the statute, she contends for reversal, urging our rule of liberal construction, that her disability is included within the provision of § 81-1314 (a):

> "(5) The following diseases only shall be deemed to be occupational diseases ****
>
> (4) Synovitis, Tenosynovitis, or Bursitis due to an occupation involving continual or repeated pressure on the parts affected."

Appellant persuasively makes the argument that Synovitis, Tenosynovitis and Bursitis are caused by inflammation, pressure or irritation of the musculature of the body and, therefore, the statute should be construed to include Tardy Ulnar Neuritis since it results from a repeated pressure or irritation of a nerve which controls the muscle.

It is true, as we have often held, that our Workmen's Compensation Law is to be liberally construed. However, appellant asks, in effect, that we add an additional disease to the above mentioned three pressure type occupational

diseases which limitation has existed unchanged since the enactment of our Workmen's Compensation Act.

Appellant cites three Tennessee cases to support her position that we should enlarge the schedule of occupational diseases through judicial interpretation. *Whitehead* v. *Holston Defense Corporation,* 205 Tenn. 326, 326 S.W. 2d 482 (1959), *Buck & Simmons Auto & Electric Supply Company* v. *Kesterson,* 194 Tenn. 115, 250 S.W. 2d 39 (1952), and *Smith* v. *Tennessee Furniture Industries,* 208 Tenn. 608, 348 S.W. 2d 290 (1961). However, these decisions were apparently calculated to offset an unusually short schedule list. Larson's Workmen's Compensation Law, Volume 1A, § 41.40, Footnote 24. To the contrary, our statute enumerates a large number of different types or classes of occupational diseases. § 81-1314. Also, this statute provides that "the following diseases *only* shall be deemed occupational diseases." (emphasis added). Furthermore, it is significant that our Workmen's Compensation Act delegates authority to the commission "[T]o make surveys and to determine the existence and prevalence of occupational disease hazards within this State, to determine the measures necessary to eliminate or reduce such hazards, and to add to the schedule of Occupational Diseases subject to appropriate conditions and after public hearing." § 81-1343 (11).

Therefore, we must agree with Larson that "[T]he schedule list is exclusive, and it is not within the power of the courts to add new items, however obvious an occupational disease the omitted item may be." Larson, supra, § 41-40, page 622.118. The plain wording of our statute together with the authority vested in the commission to made additions to the schedule of occupational diseases requires us, as did the circuit court, to uphold the commission's action.

Affirmed.